THE STATE, HUNT, prosecutor, *vs.* THE COLLECTOR OF UNION TOWNSHIP, IN THE COUNTY OF HUNTERDON.*

The second section of the tax law of 1846, (*Nix. Dig.* 794) so far as regards double taxation in certain cases, is inconsistent with, and repealed by the act of 1854, (*Nix. Dig.* 802.)

---

*The opinions in this case, and the one following it, were not furnished to the reporter in time for insertion in their proper place.

On *certiorari* in matter of taxation.

Argued at November Term, 1855, before Justices OGDEN, RYERSON and VREDENBURGH, and decided at February Term, 1856.

*Ransom*, for plaintiff in *certiorari*.

*Wurts*, for defendant.

The opinion of the court was delivered by

VREDENBURGH, J. It appears, by the return and the evidence, that the assessor applied to the prosecutor to render an account of his property; and believing the amount rendered to be fraudulent, as to the choses in action, assessed the real estate at $4580, and his personal at $15,350, and then assessed him for double the aggregate.

The assessor felt himself bound to do this under the 1st and 2d sections of the tax law of 1846, (*Nix. Dig.* 794) and the 8th section of the act of 1854, (*Nix. Dig.* 802.)

The commissioners of appeal, thinking that their discretion was limited by the said second section of the act of 1846, refused, when applied to under the 11th section of the act of 1854, (*Nix. Dig.* 803) to modify it.

The question is, whether this power of double assessment, given to the assessor by the act of 1846, is so inconsistent with the provisions of the act of 1854 as to be thereby repealed. By the act of 1846 every inhabitant is required, upon application, to render a true account of his property, which the assessor shall set down in writing. And if he shall render a false one he shall be taxed in a sum double to what the assessor may suppose his ratable estate would be taxed, which shall not be altered by the commissioners of appeal, unless the offender proves, by credible witnesses, that he did not render a false account. By the 8th section of the act of 1854, the assessor is to ascertain, by diligent inquiry, and according to the best of his ability, all the taxable property, and set the value

down in his duplicate, according to the best information in his power, and from such value deduct the debts. By the 11th section of this last act, the commissioners of appeal are required to reduce the assessment to the sum specified in the affidavit of the party taxed.

By the act of 1846, it will be perceived that the assessor must take the account of the party himself, and set it down in writing. But if the party refuse to account, or render a false one, the assessor has no power to ascertain a true one, or correct the false one ; but when he comes to make out the assessment, he adjudicates either that the party has refused to account, or that his account is a false one, and taxes him not according to the true value of his taxable property, but in a sum double of what he may suppose it to be. In making out his duplicate, he can only set down the list of property thus furnished him by the tax-payer. He is authorized to make out no list himself. But when apportioning the taxes, he comes to a name which has given to him no account, or whose account he judges to be fraudulent, he taxes him in a sum double to what he supposes his ratable estate would be taxed at, without any reference to the list furnished.

Now it is impossible, under the act of 1854, for the assessor to exercise this contingent right of double taxation.

*First.* By the 2d section of this latter act, (*Nix. Dig.* 801,) it is enacted that all property shall be assessed at its actual value, and thereby precludes the possibility of an assessment on its double value under any circumstances.

*Second.* By the 8th section of this same act, it is provided that the assessor himself shall ascertain, by diligent inquiry and to the best of his ability, the taxable property, and set down in his duplicate, in separate columns, according to the best information in his power—1st, the names ; 2d, the quantity of land ; 3d, the value of the land ; 4th, the value of the personal property ; and then this property, thus ascertained both as to quantity and value, must, by the said 2d section, be assessed at its ac-

Garwood v. Township of Waterford.

tual value.   The assessor adjudicates upon his own investigation the actual value, and the law says the assessment shall be of such value.   How then, under the act of 1854, can the assessor exercise the contingent right of double taxation given him in the act of 1846?   How is the double tax to get on his duplicate?   He cannot get off of it —the assessment at the actual value.   That must remain, and must be paid.   If he acts under the act of 1846, he must, in addition to the tax on the real value, also enter up judgment by way of penalty for a double tax, and thus make the same individual pay tax three times over.   It is apparent that, by the act of 1854, the legislature intended to change the whole system by which the assessors were to prepare their duplicates.   By the act of 1846, the assessor had to take the list of property furnished him by the tax-payer, and the power of double taxation was given him because he had no authority to inquire and alter the list upon his own information.   But by the act of 1854, he is himself expressly commanded to make diligent inquiry, and make out the list of property, not according to that furnished him by the tax-payer, but according to his best information.

I am of opinion that the 2d section of the act of 1846, so far as regards double taxation, is inconsistent with the 2d and 8th sections of the act of 1854, and consequently repealed.